**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KOLYA RAZMIKOVICH BAGDASARYAN,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   19-72885<br><br>Agency No. A071-239-356<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020**

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Kolya Razmikovich Bagdasaryan, a native and citizen of Armenia, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his applications for

adjustment of status and a waiver of inadmissibility.  Our jurisdiction is governed

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252. We dismiss the petition for review.

Bagdasaryan did not challenge the IJ's determination that he is removable for having been convicted of two crimes involving moral turpitude in his appeal to the BIA or in his opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented below); *see also Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived). Thus, we need not reach Bagdasaryan's contentions as to whether he is removable due to his aggravated felony conviction.

We lack jurisdiction to review Bagdasaryan's challenges to the IJ's denial of adjustment of status and a waiver of inadmissibility where the IJ denied relief as a matter of discretion. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1113 (9th Cir. 2007) (adjustment of status); *Mejia v. Gonzales*, 499 F.3d 991, 999 (9th Cir. 2007) (212(h) waiver). Although the court retains jurisdiction over colorable questions of law and constitutional claims, Bagdasaryan's contentions do not amount to colorable claims that would invoke our jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("To be colorable in this context, . . . the claim must have some possible validity.").

19-72885

On February 28, 2020, the court granted a stay of removal.  The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED.**